UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA  :  Hon. Noel L. Hillman

v.  Memorandum Opinion and Order

LAMAR MACON  :  Criminal No. 1:14-cr-00050-14 (NLH)

The defendant, LAMAR MACON, having filed a *pro se* post-sentencing motion to obtain grand jury transcripts and other grand jury records [Docket # 977], and upon consideration of the *pro se* motion by the defendant and the government's response in opposition to the motion, the Court makes the following findings:

1. On June 3, 2019, the defendant filed the instant motion, claiming that he is entitled to copies of the grand jury transcripts, copies of the indictment or waiver of indictment, copies of the criminal complaint and the supporting affidavit of probable cause, and other documents related to the grand jury process. [Docket # 977.] This motion was filed five years after the superseding indictment was returned by the grand jury on which the defendant was tried and convicted before a jury. [Docket # 194.] The government filed a response in opposition to the motion on July 16, 2019. [Docket #981.]

2. Several of the documents that the defendant has requested be provided to him are available to him on the CM/ECF docket and were available through his trial counsel throughout the time frame this case was pending before the District Court and the Third Circuit Court of Appeals. These documents include the original indictment, the superseding indictment, the criminal complaint and the affidavit of probable cause supporting the issuance of

1

the criminal complaint. Nothing in this Order precludes the defendant from seeking and obtaining copies of CM/ECF filed documents from the Clerk of Court in the future and in the normal course.

3. The defendant does not specify which grand jury transcripts he seeks to be provided with but the Court finds, based on the representation of the government, that the defendant was provided, through former counsel, with grand jury transcripts of the testimony of government witnesses who testified for the government at his trial. The Court finds that the defendant is not entitled to additional transcripts of the statements of the government's counsel to the grand jury and the testimony of grand jury witnesses that did not testify for the government at the defendant's trial. The transcripts of the witnesses that did not testify are protected from disclosure by the Jencks Act and the general rules of grand jury secrecy. *See* 18 U.S.C. Section 3500(a); Fed R. Crim. P. 26.2(a); Fed R. Crim. P. 6(e)(2).

4. Defendant's motion is based on pure speculation that some error may have occurred during grand jury proceedings. There is no reason to suspect that such errors occurred nor has any other reason been proffered sufficient to breach the general rule of grand jury secrecy. Fed R. Crim. P. 6(e)(2). The Court finds that the defendant has not shown a particularized need for the production and inspection of grand jury materials. Moreover, any possible error that may have occurred before the grand jury would have been cured by the defendant's conviction by the properly instructed trial jury.

5. The Court further finds that the defendant's motion for these grand jury materials has been procedurally defaulted, as this motion was not made prior to trial in this case and Rule 12(b)(3)(A)(v) and (B) of the Federal Rules of Criminal Procedure require that claims

of error in the grand jury proceedings or defects in the indictment must be raised by pretrial motion if the basis for the motion is reasonably available. Here, the Court finds that the defendant should have raised all request for grand jury transcripts and records with the trial court through counsel by the filing of pre-trial motions and the failure to do so, results in the procedural default of this claim.

6. The Court further finds that if this motion were construed as a collateral attack of the defendant's conviction and sentence it would be subject to the one year statute of limitations period in Title 28, United States Code Sections 2244(d) and 2255(f)(1), and therefore untimely. The Court finds that the defendant's conviction became final on or about February 21, 2017 and therefore, any collateral attack motion filed by the defendant would have to have been filed on or before February 21, 2018. If intended by defendant to be a collateral attack on the judgment and conviction the motion is untimely and barred, having been filed after the one year statute of limitations had expired.

WHEREFORE, on this __7th__ day of __August__ 2019, IT IS HEREBY ORDERED that the defendant, LAMAR MACON'S motion for grand jury transcripts, records and other documents be, and the same hereby is, DENIED.

    __s/ Noel L. Hillman__
    HON. NOEL L. HILLMAN
    United States District Judge

At Camden, New Jersey