UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :   Crim. No. 14-050 (NLH)
     v.                             :
                                    :
LAMAR MACON,                        :
                                    :   **OPINION**
                                    :
          Defendant.                :
_____:

**APPEARANCES**:

LAMAR MACON
# 65282-050
FCI BENNETTSVILLE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 52020
BENNETTSVILLE, SC  29512

    *Pro Se*

PATRICK C. ASKIN
OFFICE OF THE US ATTORNEY
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

    *Counsel for the United States*


**Hillman, District Judge**

    Before the Court is Lamar Macon's ("Defendant") Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (ECF 1056).  For the reasons expressed below, Defendant's motion will be denied.

**Background**

On January 16, 2015, a jury convicted Defendant of one count of conspiracy to possess with intent to distribute one kilogram or more of heroin within 1000 feet of a public housing complex in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 860, one count of possession and use of a firearm in furtherance of a drug trafficking conspiracy in violation of  18 U.S.C. § 924(c)(1)(A), and seven counts of use of a communication facility to further a drug trafficking conspiracy in violation of 21 U.S.C. § 843(b).  (See ECF 676). Thereafter, on May 15, 2015, the Honorable Joseph E. Irenas sentenced Defendant to a term of imprisonment of 240 months and a 10-year term of supervised release.  (Id.)  Defendant's release date is projected to be December 15, 2030.[1]

Defendant filed the instant pro se motion for compassionate release on February 16, 2021.  (ECF 1056).  The Government filed a letter in opposition on July 12, 2022.  (ECF 1134).  The Court considers Defendant's motions against this factual backdrop.

**Legal Standard**

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'"  United States v. Raia, 954 F.3d 594, 595 (3d Cir.

---

[1] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited July 18, 2022).

2

2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for reduced sentence before the sentencing court, defendants first "must ask the Bureau of Prisons to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." Id. "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Sellers, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(C)(1)(A)); see also Raia, 954 F.3d at 595.

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if after finding extraordinary and compelling reasons warrant a reduction, that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission and that the applicable sentencing factors under § 3553(a) warrant a reduction. United States v. Pabon, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020).

**Discussion**

1. **Defendant has satisfied the exhaustion requirements**

Defendant applied to the BOP for release and his request was denied on February 9, 2021. (ECF 1134 at 6 n.4). The

Government concedes that Defendant has exhausted his administrative remedies. (Id.)  Thus, the Court deems that threshold requirement to be satisfied.

2. **Defendant fails to establish "extraordinary and compelling" reasons for his release**

Defendant argues that the length of his sentence, the lack of sufficient evidence at trial to sustain his conviction, the COVID-19 pandemic, and the BOP's failure to curb the spread of the virus constitute "extraordinary and compelling reasons" justifying his release.  (ECF 1056 at 4-9).  With respect to his first two points, Defendant argues that his lengthy sentence was punishment for his decision to exercise his constitutional right to go to trial rather than to plea and that the evidence was not sufficient to convict him of possession and use of a firearm in furtherance of a drug trafficking conspiracy even under a theory of vicarious liability for offenses committed by co-conspirators.  (Id. at 4-5).

The Government opposes Defendant's motions and contends that Defendant has not met his burden to show "extraordinary and compelling reasons" justifying his release.  They argue that the length of a sentence is not an "extraordinary and compelling reason" in the context of a compassionate release motion and that the issue of the sufficiency of the evidence for Defendant's firearm conviction was already affirmed by the Third

4

Circuit on direct appeal. (ECF 1134 at 14-15). They further state that the fact that Defendant has previously recovered from COVID-19 and that he has refused to take the vaccine militate against granting his motion. (Id. at 9-14). The Government separately underscores the efforts that the BOP has made to curb the spread of the virus, the efficacy of the available vaccines, and the current low infection rates in prisons to rebut Defendant's proffer of "extraordinary and compelling reasons." (Id.)

Defendant does not present "extraordinary and compelling" reasons for his release. The Court takes seriously Defendant's concerns about the pandemic in the prison environment and analyzes whether he has shown "extraordinary and compelling reasons for his release" accordingly. That said, the Court holds that Defendant has not met that standard.

First, the Third Circuit has explicitly stated that the length of the sentence is not an "extraordinary and compelling reason" justifying compassionate release. United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446, 212 L. Ed. 2d 541 (2022) ("The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance."). Separately, the Court finds

instructive, although not determinative,[2] the current guidance by the Sentencing Commission as incorporated by § 3582(c) in § 1B1.13 of the guidelines and its commentary.  The sufficiency of the evidence is not listed as a basis for compassionate release in that guidelines section or its commentary.  U.S.S.G. § 1B1.13; United States v. Hatfield, No. 2:10-CR-55-WKW, 2021 WL 5023131, at *2 (M.D. Ala. Oct. 28, 2021) ("Defendant's challenges to the sufficiency of the evidence are not grounds articulated in § 1B1.13's application notes 1(A) through 1(C), which address 'medical, age, and family circumstances.' Id. at 1262. Because these challenges are not explicitly identified in § 1B1.13's application notes 1(A) through 1(C), see id. at 1265, this court lacks authority to examine whether they fit within the catch-all exception."); United States v. Esteban-Bravo, No. CR H-15-123-2, 2021 WL 1516457, at *3 (S.D. Tex. Apr. 16, 2021) ("Defendant's conclusory challenges to the validity of his underlying conviction do not constitute extraordinary and compelling reasons for a compassionate release.").  Defendant

---

[2] While the Court looks to § 1B1.13 as directed to by the statute, it is not, standing alone, a determinative factor in light of a lack of quorum which has prevented the Sentencing Commission from updating § 1B1.13 in response to the First Step Act.  That said, the Third Circuit has approved a district court's consideration of § 1B1.13 when it comes to evaluating motions for compassionate release filed by prisoners.  Andrews, 12 F.4th at 260 ("The court correctly recognized that although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons.").

does not explain why his challenge to the sufficiency of evidence underlying his conviction is appropriate for this Court to consider in the context of the compassionate release motion when the Third Circuit has already affirmed his conviction. (See ECF 901 (Third Circuit Opinion)).

With respect to medical conditions that could constitute "extraordinary and compelling reasons" justifying release, the applicable guidance from the Sentencing Commission falls under Comment 1 under § 1B1.13 of the guidelines. U.S.S.G. § 1B1.13, cmt. n.1(A). Defendant has not cited a single medical condition that puts him at a higher risk of complications if he contracts COVID-19. (ECF 1056). Thus, the Court cannot say that Defendant suffers from medical conditions that fall into the same categories as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia[,]" examples offered by the Sentencing Commission of the types of illnesses that might constitute "extraordinary and compelling circumstances." U.S.S.G. § 1B1.13, cmt. n.1(A).

It also cannot say that Defendant suffers from conditions that substantially "diminish[] the ability of [Defendant] to provide self-care within the environment of a correctional facility and from which he...is not expected to recover." Id. Absent a viable explanation, Defendant's refusal to be vaccinated cuts against granting his current motion. United

States v. Estevez-Ulloa, No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) ("Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk."). Defendant's refusal to be vaccinated represents his refusal to provide self-care in the prison environment. United States v. Redman, No. CR 10-233, 2021 WL 1737485, at *1 (W.D. Pa. May 3, 2021) ("Having declined vaccination, the Defendant has voluntarily declined to 'provide self-care' and mitigate his risk of a severe COVID-19 infection.") (internal quotation marks and alterations omitted).

Additionally, the mitigation efforts aimed at controlling the spread of the coronavirus at FCI Bennettsville, where Defendant is currently housed, appear to be effective. Currently, FCI Bennettsville has three active inmate and two staff positive tests.[3] Over the course of the pandemic, two inmates have died as a result of infection by COVID-19, and 154 inmates have recovered from positive infections.[4] Id.

Further, according to the BOP, 1,214 inmates out of a population of 1,601 at FCI Bennettsville have been fully

---

[3] See FEDERAL BUREAU OF PRISONS, COVID-19 CORONAVIRUS COVID-19, https://www.bop.gov/coronavirus/ (last visited July 18, 2022).

[4] Id.

vaccinated.[5][6]  Given the well-established and accepted evidence that the available vaccines are both safe and effective, the Court believes that the vaccination rate inside FCI Bennettsville weighs against Defendant's request for relief.

After a review of the record as a whole, the Court finds that Defendant, who has not shown that he has any conditions that he cannot manage at FCI Bennettsville, does not present "extraordinary and compelling reasons" supporting his release. The effective management of the pandemic and FCI Bennettsville's efforts at controlling the spread of COVID-19, taken together, undermine any finding that this Defendant presents "extraordinary and compelling reasons" for his release.

### 3553(a) Factors Weigh Against Defendant's Favor

Even if Defendant could "establish extraordinary and compelling reasons" for his release, the Court may reduce an inmate's sentence only if the applicable sentencing factors under § 3553(a) warrant a reduction.  Here, they do not.

Defendant principally argues that his rehabilitation efforts, the fact that he has had few disciplinary infractions over the course of his incarceration support his release, and the fact that he has people willing to support him upon his

---

[5] Id.

[6] FEDERAL BUREAU OF PRISONS, FCI BENNETTSVILLE, https://www.bop.gov/locations/institutions/ben/ (last visited July 19, 2022).

release support his motion.  (ECF 1056 at 5-6).  He also states in a rather conclusory manner that a lower sentence would accomplish the goals of the § 3553(a) factors.  (Id.)  He does not otherwise address how the calculus of the § 3553(a) factors has changed since his original sentencing.  This argument does not tilt a full balancing of the § 3553(a) factors in his favor.

The Government argues the § 3553(a) factors weigh toward denying Defendant's motion.  They note that he has a criminal record involving drug trafficking and firearm possession dating back to when he was fourteen years-old.  (ECF 1134 at 15-16).  They further argue that the seriousness and the complexity of the drug distribution scheme in which Defendant was involved militates against release.  (Id.)  They also highlight that Defendant's 2017 disciplinary infraction for possessing drugs shows that Defendant remains undeterred and thus continues to be a danger to the community.  (Id.)

The Court agrees with the Government and sees no reason to disturb the sentence previously imposed by Judge Irenas.  As Judge Irenas noted at the time of sentencing, the size and sophistication of the drug distribution scheme that underlies Defendant's conviction shows the seriousness of Defendant's offense.  18 U.S.C. § 3553(a)(1); (ECF 741 at 26:14-17).  Judge Irenas also noted that specific and general deterrence were key, especially in light of how "corrosive" Defendant's offense was.

Id. at § 3553(a)(2)(B); (ECF 741 at 26:14-21).  Finally, Judge Irenas considered the fact that Defendant would have access to rehabilitative programs while incarcerated.  Id. at § 3553(a)(2)(D); (ECF 741 at 26:21- 27:8).

This Court also separately notes that reducing Defendant's sentence would result in an unwarranted sentencing disparity when compared to similarly situated defendants.  Id. at § 3553(a)(6).  This Court also holds that the need for specific deterrence and to protect the public from further crimes of Defendant is still in play given Defendant's possession of drugs in 2017.  Id. at § 3553(a)(2)(B) and (a)(2)(C).

In sum, neither Defendant's sentence nor the advent of COVID-19 changes the balance in Defendant's specific situation where he has not shown any "extraordinary and compelling reasons" justifying his release or that there has been a material difference in the § 3553(a) factors that animated the original sentence.

**Conclusion**

For the reasons set forth above, Defendant's Motion for Compassionate Release (ECF 1056) will be denied.

An accompanying Order will issue.


Dated: July 19, 2022             s/   Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

11